**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Thurman Thomas,          Petitioner,    v.    James Franco, et al.,          Respondents. | No. CV-10-2279-PHX-GMS (ECV)    **ORDER** |

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus and United States Magistrate Judge Edward C. Voss's Report and Recommendation ("R&R"). Docs. 1, 9. The R&R recommends that the Court deny the Petition. Doc. 9 at 6. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *Id.* at 6 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will

accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS ORDERED:**

1. Magistrate Judge Voss's R&R (Doc. 9) is **accepted**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.

3. The Clerk of Court shall **terminate** this action.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 8th day of June, 2011.

_____
G. Murray Snow
United States District Judge